IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BARRETT C. FIELDS, JR., | : | |
| Plaintiff, | : | |
| v. | : | |
| CHIPOTLE MEXICAN GRILL OF COLORADO, LLC, | : | CIVIL ACTION NO. 1:21-cv-00902-AT |
| Defendant. | : | |

## ORDER

This personal injury case is before the Court on Plaintiff's Motion to Remand to the State Court of Fulton County, Georgia [Doc. 12]. For the following reasons, the Motion is **GRANTED**.

## I. DISCUSSION

This is a renewal action. Plaintiff alleges he was injured while eating at a Chipotle restaurant on March 21, 2018. After Plaintiff filed suit in state court, Defendant removed the case to this Court on the basis of diversity jurisdiction. Although Plaintiff's Renewed Complaint expressly states that Plaintiff seeks damages "not to exceed $74,999.99," Defendant relied on a pre-suit demand of $650,000 made in 2019 by Plaintiff's prior legal counsel in support of removal. The 2019 pre-suit demand contemplated a future surgery estimated to cost $60,250. After the case was removed, Plaintiff made another settlement demand of $72,500 based on medical expenses of $32,358.86. To date, Plaintiff has not

had the previously contemplated surgery and there is no indication Plaintiff intends to have the surgery.

Plaintiff has moved to remand the case back to state court because it is facially apparent from the Renewed Complaint that the $75,000 amount in controversy requirement has not been met. Defendant opposes remand for three reasons: (1) Plaintiff's pre-suit settlement demand establishes the amount in controversy; (2) Plaintiff has not stipulated that he will accept less than $75,000.00 from a jury; and (3) Plaintiff's Complaint includes a claim for attorney's fees and litigation expenses for an unspecified amount.

Federal courts are courts of limited jurisdiction. *E.g., Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994). Courts give great weight to the plaintiff's assessment of the value of plaintiff's case in determining whether diversity jurisdiction exists. *Id.* While a defendant does have a right to remove a case to federal court in certain situations, the plaintiff is still the master of his own claim. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391 & n. 7 (1987); *Burns*, 31 F.3d at 1094; *see generally*, Wright & Miller, 14A Federal Practice and Procedure § 3702 ("[p]laintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy").

The Court "must look to [P]laintiff's claim to determine whether removal was appropriate," and any "uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1094-95. The Plaintiff's claim,

> when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth. We will not assume—unless given reason to do so—that plaintiff's counsel has falsely represented, or simply does not appreciate, the value of his client's case. Instead, we will assume that plaintiff's counsel best knows the value of his client's case and that counsel is engaging in no deception. We will further presume that plaintiff's counsel understands that, because federal removal jurisdiction is in part determined by the amount of damages a plaintiff seeks, the counsel's choices and representations about damages have important legal consequences....

*Id.* at 1095.

Here, Plaintiff's Complaint specifically requests damages not to exceed $74,999, which amount *includes* his request attorney's fees and litigation expenses. (*See* Compl. ¶ 33(b), stating "Plaintiff prays … that a verdict and judgment be entered against Defendant, not to exceed $74,999.99, for Plaintiff's personal injuries, past, present and future medical expenses, past, present, and future pain and suffering, permanent disability, disfigurement, mental anguish, loss of earnings, lost ability to labor, loss of the capacity to enjoy life, incidental expenses, **and expenses of litigation** in damages") (emphasis added). Defendant contends that Plaintiff has asserted a claim for litigation expenses and attorney's fees pursuant to O.C.G.A. § 13-6-11 "in an unspecified amount" and that the court may consider attorney's fees as part of the amount in controversy. Defendant's suggestion that Plaintiff's Complaint requests attorney's fees and litigation expenses in addition to the enumerated damages alleged "not to exceed $74,999" is belied by the express allegations of the Complaint. Therefore, no jurisdiction exists on the face of Plaintiff's Complaint.

3

Defendant's burden to prove that jurisdiction exists – despite Plaintiff's express claim to less than the minimum jurisdictional sum – is a heavy one. *Burns*, 31 F.3d at 1095. Defendant must prove to a legal certainty that Plaintiff's claim does in fact exceed $75,000 and therefore that Plaintiff's counsel "is falsely assessing the case or is incompetently doing so." *Id.* "This strict standard is consistent with case law and Congress' policy of limiting federal diversity jurisdiction." *Id.* at 1095-96.

Defendant contends that Plaintiff's pre-suit settlement demand of $650,000 establishes the amount in controversy. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 & n.62 (11th Cir. 2007) (recognizing that settlement offers may constitute "other paper" to be considered when determining whether the jurisdictional threshold amount has been met); *see, e.g.*, *Burns*, 31 F.3d at 1095. However, while a settlement offer "counts for something," *Burns*, 31 F.3d at 1095, "[w]hat it counts for . . . depends on the circumstances." *Jackson v. Select Portfolio Serv., Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009). Indeed, "[s]ettlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight" in weighing whether Defendant has established a basis for jurisdiction contrary to Plaintiff's express claims. *Id.* This is particularly true when the settlement offer predates the complaint. *See Standridge v. Wal-Mart Stores, Inc.*, 945 F. Supp. 252, 256-57 (N.D. Ga. 1996) (finding that a pre-complaint settlement demand letter "is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered

4

a reliable indicator of the damages plaintiff is seeking"); *see also Saberton v. Sears Roebuck & Co.*, 392 F. Supp. 2d 1358, 1360 (M.D. Fla. 2005) (declining to consider a "pre-suit settlement demand letter . . . as 'other paper' for purposes of satisfying the amount in controversy requirement"); *Elder v. T-Fal, Inc.*, No. 1:07-cv-1280-JOF, 2007 WL 4060230, at *6 (N.D. Ga. Oct. 31, 2007) ("A demand letter, such as the one here, made without full investigation and dated more than two months before a complaint was filed, should be given little weight when it is inconsistent with a complaint, signed by counsel operating under the full weight of his ethical obligations to the court."). In considering whether Plaintiff is "offering a reasonable assessment of the value of [his] claim," the Court also notes that Plaintiff made a subsequent settlement demand of only $72,500 after suit was filed and the case was removed to this Court. *Jackson*, 651 F. Supp. 2d at 1281 (quoting *Golden Apple Mgmt. Co. v. Geac Computers, Inc.*, 990 F. Supp. 1364, 1368 (M.D. Ala. 1998)). The Court finds that Defendant's reliance on the pre-suit settlement demand is insufficient to establish diversity jurisdiction.

Defendant further asserts that Plaintiff's refusal to stipulate in response to a discovery request that his recovery will not exceed the jurisdictional amount is further evidence that the amount in controversy exceeds the jurisdictional amount. However, the Eleventh Circuit has held that the amount in controversy cannot be established by a plaintiff's refusal to stipulate to the amount of damages. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001) ("Although the notice of removal clearly asserts that the jurisdictional

5

requirement is satisfied, the only fact alleged in support of that assertion is that Williams refuses to stipulate that her claims do not exceed $75,000. There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy Best Buy's burden of proof on the jurisdictional issue."). *See also Janakes v. United States Postal Service*, 768 F.2d 1091 (9th Cir. 1985) (parties cannot, by stipulation, establish or deny subject matter jurisdiction).

The Court finds that Defendant has failed to satisfy its burden of establishing the Court's federal jurisdiction over this personal injury action. Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand.

## II.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand.  The Clerk is **DIRECTED** to **REMAND** this matter to the State Court of Fulton County, Georgia.

**IT IS SO ORDERED** this 11th day of May, 2021.

_____
**Amy Totenberg**
**United States District Judge**